**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 26-10077
Non-Argument Calendar
_____

ERVIN JOINER,

*Petitioner-Appellant,*

*versus*

HOUSTON COUNTY SHERIFF DEPARTMENT,

*Respondent-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:25-cv-00145-TES-CHW
_____

Before JORDAN, BRASHER, and KIDD, Circuit Judges.

PER CURIAM:

Ervin Joiner, a state prisoner proceeding pro se, appeals the district court's November 26, 2025 final judgment dismissing his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Joiner did not

date his notice of appeal, and he did not include a declaration or notarized statement as to the date he gave it to prison officials for mailing.

On appeal, a jurisdictional question asked the parties to address whether Joiner's notice of appeal is timely as to the November 26, 2025 judgment. Neither party responded.

Upon review of the record, we conclude that Joiner's notice of appeal—deemed filed at the earliest when the envelope in which it was mailed was postmarked on January 6, 2026, given that there is not any contrary evidence—is untimely to appeal from the November 26, 2025 judgment. *See* 28 U.S.C. § 2107(a) (providing that a notice of appeal in a civil case must be filed within 30 days after the judgment or order appealed from is entered if there is not a federal party); Fed. R. App. P. 4(c)(1) (explaining the prison mailbox rule); *Daniels v. United States*, 809 F.3d 588, 589-90 & n.2 (11th Cir. 2015) (explaining that "strict compliance" is required for a prisoner to take advantage of the prison mailbox rule). We therefore lack jurisdiction over this appeal. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (holding that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement).

Accordingly, this appeal is DISMISSED for lack of jurisdiction. All pending motions are DENIED as moot.